
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALEBUILD, INC., DBA Salesify; SALEBUILD ITES PVT. LTD., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> FLEXISALES, INC., <br><br> Defendant - Appellee. | No. 14-15085 <br><br> D.C. No. 2:12-cv-01403-JAD-GWF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted December 10, 2015[**]
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges and MOSKOWITZ,[***] Chief
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously voted to grant the Joint Motion by All Parties
to Submit the Case for Decision on the Briefs.

[***]      The Honorable Barry Ted Moskowitz, Chief District Judge for the
U.S. District Court for the Southern District of California, sitting by designation.

Plaintiffs-Appellants Salebuild, Inc. ("Salebuild") and Salebuild ITES Private Limited ("Salebuild India") appeal the district court's dismissal on *forum non conveniens* grounds of their claims against Defendant-Appellee Flexisales, Inc. We review the district court's decision dismissing a case for *forum non conveniens* for abuse of discretion. *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). Because we conclude that the district court abused its discretion by failing to grant proper deference to the Plaintiffs' choice of forum and by improperly balancing the public and private interest factors, we reverse and remand.

First, the district court did not grant proper deference to Plaintiffs' choice of forum because it concluded that Plantiffs were foreign. While Salebuild India is incorporated in India, Salebuild is a Delaware corporation, and the presence of a foreign co-plaintiff does not lessen the deference owed a domestic plaintiff. *See Carijano*, 643 F.3d at 1229.

Second, the district court improperly weighed the private interest factors in concluding that they favored dismissal. One, the court concluded that the residence of the parties and witnesses favored India, but two of the three named parties to the lawsuit are corporations residing in the United States. Two, it erred in determining that the corporate leadership of all the companies resides in India. Flexisales'

2

President and Treasurer lives in the United States, as does Salebuild's Chief Financial Officer. Three, the court concluded that the claims are primarily "between Salebuild India and Flexisales India and involve the acts of former employees of Salebuild India and current employees of Flexisales India using computer hardware located in India," but the allegations in the complaint focused on the sale by one American company (Flexisales) of the proprietary information belonging to another American company (Salebuild) to American clients. This suggests that the alleged injury, if any, was suffered in the United States. Four, the court concluded that the likely need for discovery from persons or companies in other parts of the United States did not weigh in favor of maintaining jurisdiction because the persons or companies were not located in Nevada. However, this misinterprets this factor in the *forum non conveniens* analysis, which considers not whether Nevada is the perfect forum, but rather whether the United States or India provides better access. *See, e.g.*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) (comparing the ease of access to proof in the United States and Great Britain); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1146 (9th Cir. 2001) (comparing "United States evidence" located in Arizona and Washington to "New Zealand evidence" to determine if a case should be tried in Arizona).

The district court did not consider several other private interest factors, including the relative costs of trial in India and the United States and the enforceability of the judgment. But "in this age of robust video conferencing technology, one would expect relative travel costs to be a non-issue, regardless of the precise number of witnesses present in either locale." *In re Herbert*, Nos. CIV. 13-00452 DKW, CIV. 13-00705 DKW, 2014 WL 1464837, at *6 (D. Haw. Apr. 14, 2014). And given that Flexisales is a company incorporated in the United States that conducts business with customers from the United States, it seems likely that the revenue from that business would be available to collect on a judgment in an American court. Taken as a whole, the private interest factors weigh in favor of maintaining jurisdiction.

The district court also erred in concluding that the public interest factors weighed in favor of dismissal. It failed to consider Nevada's "significant interest in providing a forum for those harmed by the actions of its corporate citizens." *Carijano*, 643 F.3d at 1232. In addition, it noted that the alleged sales of Salebuild's proprietary information took place in New York and California rather than Nevada, but a court "need not hold" that the forum state "'is the principal locus' of the case or . . . 'has more of an interest than any other jurisdiction' in order to conclude that [it] has a meaningful interest in th[e] litigation." *Boston*

4

*Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1212 (9th Cir. 2009). Moreover, because Flexisales is a Nevada resident, the lawsuit was not "unrelated" to the Nevada forum. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1182 (9th Cir. 2006) (finding that a case was "related to" the forum because one of the parties resided there).

Finally, the district court concluded that it was not clear that the case would take any less time in Nevada than it would in India, and that there was no evidence that the costs of resolving the suit in India weighed for or against dismissal. While the court went on to describe these considerations as supporting dismissal, they are in fact neutral. Taken alongside the considerations described above, the public interest factors weigh against dismissal.

We conclude that the district court abused its discretion in finding that India is a more convenient forum for this action. Therefore, Plaintiffs may pursue their action in the forum they selected.

**REVERSED AND REMANDED.**